**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JORGE LUIS CENTENO,

Petitioner,

v. No. 2:26-cv-00521-SMD-DLM

PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

**ORDER GRANTING MOTION TO DISMISS**

**THIS MATTER** is before the Court on Petitioner Jorge Luis Centeno's Emergency Motion to Enforce Judgment and Return Petitioner to United States, Doc. 7 ("Emergency Mot."), and Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus, Doc. 11 ("Mot. to Dismiss"). Respondents filed a response to the Emergency Motion, Doc. 12 ("Resp."), and Petitioner filed a reply, Doc. 14 ("Reply"), and supplemental declaration, Doc. 15 ("Centeno Declaration"). Petitioner also filed a response to the Motion to Dismiss, Doc. 16 ("MTD Resp."). The Court has reviewed the parties' submissions, the record, and the relevant law. For the reasons below, the Court **GRANTS** the Motion to Dismiss and **DENIES** the Emergency Motion.

**BACKGROUND**

Petitioner is a native and citizen of Nicaragua. Doc. 11-1 ("Ruiz Decl.") ¶ 6. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in Minnesota on January 10, 2026.

*Id.* ¶ 7. He was subsequently transferred to Camp East Montana in El Paso, Texas, and, on January 28, 2026, to the Otero County Processing Center in Chaparral, New Mexico. *Id.* ¶¶ 7–8.

On February 12, 2026, an Immigration Judge granted Petitioner voluntary departure under INA § 240B(b), in lieu of removal, on or before March 16, 2026. Doc. 11-2 ("IJ Order") at 1. Both parties waived appeal. Ruiz Decl. ¶ 9.

On February 22, 2026, at approximately 3:15 p.m., Petitioner was booked out of the Otero County Processing Center and transferred to Camp East Montana in El Paso, Texas, to await departure arrangements. *Id.* ¶ 10. Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 later that evening, at approximately 9:50 p.m. Doc. 1 ("Petition"); Mot. to Dismiss at 2. The Petition challenged Petitioner's immigration detention and sought immediate release or, alternatively, a bond hearing. Petition ¶ 17.

On February 27, 2026, the Court ordered Respondents to answer the Petition and enjoined the Government "from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court." Doc. 3 ("February 27 Order") at 2. According to Respondents' evidence, Petitioner was transferred from Texas to the Central Louisiana ICE Processing Center that same day. Ruiz Decl. ¶ 11. On March 5, 2026, Petitioner departed the United States aboard an ICE Air Operations charter flight with a final destination of Managua, Nicaragua. *Id.* ¶ 12.

Petitioner then filed the Emergency Motion, asking the Court to enforce its February 27 Order and require the Government to facilitate his return to the United States. Emergency Mot. at 4–5 Petitioner contends, among other things, that his agreement to voluntary departure was not knowing and voluntary and that ICE deprived him of meaningful access to counsel before his departure. *See* Emergency Mot at 3.; Reply at 2–3; Centeno Declaration ¶¶5, 7, 10–11.

Respondents moved to dismiss the Petition. Mot. to Dismiss. They argue that jurisdiction never attached because Petitioner had been transferred from New Mexico to Texas before he filed the Petition and, alternatively, that his detention claim is now moot because hde is no longer detained. *Id.* at 3–4. Petitioner responds that the Government's rapid transfers prevented counsel from determining his location when the Petition was filed and that his departure does not eliminate the Court's authority to remedy the alleged constitutional violations. MTD Resp. at 2–4.

## LEGAL STANDARD

A Petitioner challenging present physical custody under 28 U.S.C. §2241 ordinarily must file in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 442–47 (2004). The Court need not resolve the application of that rule here because Petitioner's detention claim is moot for the reasons discussed below.

Article III also limits federal courts to actual, ongoing cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot when the Court can no longer grant "any effectual relief whatever" to the prevailing party. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotation omitted).

Release from custody after a habeas petition is filed does not automatically moot the petition. *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002). The Court must determine whether a concrete, continuing injury remains that can be redressed through the habeas proceeding. *See id.*; *Tapia Garcia v. INS*, 237 F.3d 1216, 1217–18 (10th Cir. 2001). But when the Court can no longer provide meaningful relief from the detention challenged in the petition, the detention claim is moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006).

## DISCUSSION

### I. The Court Need Not Resolve the Parties' Dispute Under *Padilla*.

Respondents first argue that jurisdiction never attached because Petitioner had been transferred from New Mexico to Texas before he filed the Petition. Mot. to Dismiss at 3–4. The ordinary rule for a core habeas petition challenging physical confinement requires the petitioner to name his immediate custodian and file in the district of confinement. *Padilla*, 542 U.S. at 442–47.

Respondents' evidence establishes that Petitioner was transferred from the Otero County Processing Center to Camp East Montana in El Paso, Texas, at approximately 3:15 p.m. on February 22, 2026. Ruiz Decl. ¶ 10. Petitioner filed his § 2241 Petition in this Court later that evening, at approximately 9:50 p.m. Mot. to Dismiss at 2. Thus, according to Respondents' evidence, Petitioner was confined in Texas when the Petition was filed.

Petitioner responds that repeated transfers prevented counsel from determining his location when the Petition was filed. MTD Resp. at 2–4. *Padilla* recognized that the ordinary immediate-custodian and district-of-confinement rules cannot readily be applied when "a prisoner is held in an undisclosed location by an unknown custodian," but expressly declined to decide how the habeas statute applies in that "extraordinary case." 542 U.S. at 450 n.18.

The Court need not resolve whether the circumstances presented here fall within the situation left unresolved in *Padilla*. Even assuming without deciding that Petitioner could overcome Respondents' threshold objection, his detention claim is now moot for the independent reasons discussed below.

**II. Petitioner's Detention Claim is Now Moot.**

Regardless of the threshold issue under *Padilla*, subsequent events foreclose the detention relief sought in the Petition. Respondents' evidence establishes that Petitioner is no longer in ICE detention and departed the United States on March 5, 2026, aboard an ICE Air Operations charter

flight with a final destination of Managua, Nicaragua. Ruiz Decl. ¶ 12. The release or bond hearing sought in the Petition therefore can no longer provide him effective relief. *See* Petition ¶17.

The Tenth Circuit's decision in *Ferry* is instructive. There, the petitioner challenged his immigration detention without an opportunity for bond. 457 F.3d at 1131–32. After his removal order was executed and he was no longer in DHS custody, the Tenth Circuit held that his detention claim was moot because he was "no longer in the custody of the DHS to benefit from a bond determination or release." *Id.* at 1132. The same reasoning applies to the detention claim here. Because Petitioner is no longer detained, neither release nor a bond hearing would afford him effective relief.

The Court recognizes that release from custody does not "automatically moot" a habeas petition filed while the petitioner was detained. *Riley*, 310 F.3d at 1257. A live controversy may remain if the challenged action produces a concrete collateral consequence that a favorable decision can redress. *See id.*; *Tapia Garcia*, 237 F.3d at 1218. Petitioner argues that such consequences remain because he is now in Nicaragua and seeks restoration of the position he occupied before his departure. *See* Emergency Mot. at 4; Reply at 7 ; MTD Resp. at 2–4

But that asserted continuing injury does not arise from the detention challenged in the Petition. *Ferry* distinguished the two, explaining that the petitioner's "inability to return to the United States is a continuing injury that stems from his removal order, not his detention." 457 F.3d at 1132. Although the immigration posture here differs because the Immigration Judge granted Petitioner voluntary departure in lieu of removal, the relevant distinction remains: the continuing injury Petitioner identifies arises from the immigration disposition and his departure

from the United States, not from the detention for which the Petition sought release or a bond hearing.

*Tapia Garcia* does not require a different result. There, the petitioner directly challenged his deportation determination, and the Tenth Circuit held that restrictions on his ability to reenter the United States constituted collateral consequences that could be redressed by a favorable decision concerning that determination. 237 F.3d at 1218. Here, by contrast, the Court cannot remedy the consequences Petitioner attributes to his immigration proceedings by ordering release from detention that has already ended.

Accordingly, Petitioner's challenge to immigration detention is now moot.

**III. Petitioner's Remaining Requested Relief Does Not Preserve His Detention Claim.**

Petitioner also contends that his agreement to voluntary departure was not knowing and voluntary. He alleges that repeated transfers impeded his access to counsel, that he did not understand the proceedings, and that immigration officials pressured him to agree to voluntary departure. *See* Reply at 4–5; Centeno Declaration ¶¶5, 7. He asks the Court to require the Government to facilitate his return so that he may pursue relief concerning those proceedings. Emergency Mot. at 3.

Those allegations do not preserve the detention claim asserted in the Petition. The Immigration Judge granted Petitioner voluntary departure in lieu of removal and provided that an alternate order of removal would become effective if the conditions of voluntary departure were not satisfied. IJ Order at 1. Congress has provided that a petition for review filed with the appropriate court of appeals is the "sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Accordingly, district courts lack habeas jurisdiction to review an order of removal. *Schmitt v. Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006). Constitutional

claims and questions of law concerning such an order remain reviewable through the statutory petition-for-review process. *Id.*; *see also* 8 U.S.C. § 1252(a)(2)(D).

The Court need not determine here the precise avenue, if any, available to Petitioner to challenge his voluntary-departure proceedings. It is enough to conclude that the alleged defects in those proceedings do not transform his completed detention into a live § 2241 detention controversy. *See Ferry*, 457 F.3d at 1131–32.

The Court therefore expresses no view on whether Petitioner's agreement to voluntary departure was knowing or voluntary, whether his access to counsel was constitutionally adequate, or whether relief concerning those proceedings may be available in another forum.

The Court does not minimize the concerns raised by Petitioner's allegations. The record reflects that Petitioner was transferred among several detention facilities, that counsel asserts she was unable to determine his location when the Petition was filed, and that Petitioner departed the United States while this habeas proceeding was pending. Those circumstances warrant careful attention where access to habeas review is at stake. But the Court need not—and therefore does not—decide whether those events violated Petitioner's constitutional or statutory rights. They do not alter the Court's conclusion that the detention challenged in the Petition has ended and that the Court can no longer grant the detention relief sought there.

**IV. The Emergency Motion Does Not Warrant Relief.**

Petitioner's Emergency Motion asks the Court to enforce its February 27 Order and require the Government to facilitate his return to the United States. Emergency Mot. at 4–5. The record does not establish a violation of the February 27 Order.

The February 27 Order enjoined the Government "from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written

authorization from this Court." February 27 Order at 2. Respondents' evidence establishes that Petitioner was booked out of the Otero County Processing Center and transferred to Texas on February 22—five days before the Court entered the February 27 Order. Ruiz Decl. ¶ 10. He was later transferred from Texas to Louisiana and then departed the United States for Nicaragua. *Id.* ¶¶ 11–12. Those subsequent movements did not constitute a transfer "from the District of New Mexico" prohibited by the February 27 Order. Nor did the February 27 Order separately stay Petitioner's departure from the United States.

*Noem v. Abrego Garcia*, 604 U.S. 670, 670–71 (2025), does not require a different result. There, the Government acknowledged that *Abrego Garcia* had been sent to El Salvador despite an immigration judge's order prohibiting his removal to that country and conceded that his removal resulted from administrative error. *Id.* Against that backdrop, the Supreme Court held that the district court properly required the Government to "'facilitate' *Abrego Garcia*'s release from custody in El Salvador and to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." *Id.* The Supreme Court nevertheless directed the district court to clarify the scope of its additional command to "effectuate" his return, recognizing that the term might exceed the district court's authority. *Id.*

The predicate for that relief is absent here. The record does not establish that Respondents violated this Court's February 27 Order, and the Court does not adjudicate in this § 2241 detention action Petitioner's separate contention that his voluntary departure was invalid. Because the detention claim is moot and the Emergency Motion identifies no violation of the February 27 Order warranting enforcement, the Emergency Motion must be denied.

## CONCLUSION

Petitioner's detention claim is moot because he is no longer detained and the Court cannot grant the release or bond hearing sought in the Petition. *See* Ferry, 457 F.3d at 1132. The Court need not resolve the parties' dispute under *Padilla*, and it expresses no view on the validity of Petitioner's voluntary-departure proceedings or the availability of relief concerning those proceedings in another forum. The record also does not establish a violation of the February 27 Order.

It is hereby **ORDERED**:

1) The Motion to Dismiss (Doc. 11) is **GRANTED**;
2) The Emergency Motion (Doc. 7) is **DENIED**;
3) The Petition is **DISMISSED WITHOUT PREJUDICE**;
4) A separate Final Judgment will be entered, and this case will be **CLOSED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**